# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### AT COLUMBUS

| | | |
|---|---|---|
| RODNEY MITCHELL AND RHONDA THOMAS, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) | |
| | ) | CIVIL ACTION NO.: 2:22-cv-2123 |
| *Plaintiffs,* | ) ) | JUDGE: |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| BOB EVANS RESTAURANTS, LLC, | ) | *CLASS AND COLLECTIVE ACTION* |
| | ) | |
| *Defendant.* | ) | |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

COME the Plaintiffs, Rodney Mitchell and Rhonda Thomas, on behalf of themselves and all others similarly situated, and for their cause of action against Defendant Bob Evans Restaurants, LLC ("Defendant" or "Bob Evans"), hereby state as follows.

## INTRODUCTION

1.     Plaintiffs bring this action against Defendant to recover unpaid minimum wages, liquidated damages, attorneys' fees, costs, and all other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Kentucky Wages and Hours Act ("KWHA"), Ky. Rev. Stat. Ann. § 337.010 *et seq.*; and the Indiana Minimum Wage Law ("IMWL"), Ind. Code §§ 22-2-2-1 *et seq.* Plaintiffs assert their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b), and their KWHA and IMWL claims as a class action pursuant to Fed. R. Civ. P. 23.

2.     Plaintiffs and those they seek to represent in this action are current and former employees of Defendant at its locations in Kentucky, Indiana, and Tennessee, who earned less than $7.25 per hour and received customer tips ("Tipped Employees").

3.      Defendant pays tipped employees a tipped hourly wage less than the statutory $7.25 per hour minimum wage and relies on the "tip credit" provisions of the FLSA, KWHA, and IMWL to satisfy its statutory minimum wage obligations.

4.      Defendant has a practice of overriding or adjusting the rate of pay for hours worked by Tipped Employees of Defendant's Kentucky, Indiana, and Tennessee locations located within Bob Evans' Region 2 Area 6. These after-the-fact adjustments reduce the rate of pay for class members who believe they are clocked in at a classification that provides a rate of pay without Bob Evan's deduction of a tip credit, but results in their rate of pay being subsequently reduced to less than $7.25 per hour during times that class members are performing work that is not eligible for the tip credit under federal or state law. The overrides are generally performed from a location other than the restaurants where the class members work, suggesting the actions are taken by Bob Evans' management.

5.      Defendant has a practice of requiring Tipped Employees of Defendant's Kentucky, Indiana and Tennessee locations to perform work that is not part of their tipped occupation nor directly supporting their tip-producing work at a rate less than the statutory $7.25 per hour minimum wage, in violation of the FLSA, KWHA, and IMWL.

6.      Defendant has a practice of requiring Tipped Employees of Defendant's Kentucky, Indiana, and Tennessee locations to perform work that is not directly supporting their tip-producing work but which was performed for a substantial amount of time (i.e., more than 20% of a single shift or at any time for a duration of 30 minutes or longer), in violation of the FLSA, KWHA, and IMWL.

## PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Rodney Mitchell

7.     Plaintiff Rodney Mitchell is a resident and citizen of Louisville, Jefferson County, Kentucky.

8.     Defendant employed Plaintiff Rodney Mitchell at its Store Number 0437-Hillview ("Hillview"), located in Louisville, Kentucky, from September 2019 to the present.

9.     Throughout his employment, Plaintiff Rodney Mitchell has been employed as a tipped employee and was paid hourly wages less than $7.25 per hour plus tips. Plaintiff Rodney Mitchell was previously promoted to manage Defendant's Hillview location; however, he was demoted on April 28, 2022, after Defendant discovered he was contemplating filing this lawsuit.

### B. Plaintiff Rhonda Thomas

10.     Plaintiff Rhonda Thomas is a resident and citizen of New Albany, Floyd County, Indiana.

11.     Defendant employed Plaintiff Rhonda Thomas at its Store Number 575-New Albany ("New Albany"), located in New Albany, Indiana, from April 1, 2012, until it closed on March 21, 2022.

12.     Plaintiff Rhonda Thomas is now employed by Defendant at its Store Number 78-Clarksville ("Clarksville"), located in Clarksville, Indiana.

13.     Throughout her employment, Plaintiff Rhonda Thomas has been employed as a tipped employee and was paid hourly wages less than $7.25 per hour plus tips.

### C. Defendant Bob Evans Restaurants, LLC

14.     Defendant Bob Evans Restaurants, LLC, is a Delaware limited liability company, with its principal place of business at 8111 Smith's Mill Road, New Albany, OH 43054, and it

conducts business within this judicial district. Defendant's registered agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

15.    At all times and for all acts stated herein, Defendant acted through its agents, servants, and employees.

16.    Defendant has at all relevant times herein been an employer within the meaning of the FLSA, KWHA, and IMWL.

**D.  Jurisdiction and Venue**

17.    This Court has jurisdiction over Plaintiffs' claims because they are brought pursuant to FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

18.    Venue for this action properly lies in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendant's headquarters is located in Ohio.

## FACTS

19.    Plaintiffs' allegations in paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20.    Plaintiffs and other Tipped Employees are current and former employees of Defendant at its locations in Kentucky, Indiana, and Tennessee, who earned less than $7.25 per hour and received customer tips.

21.    Plaintiffs and other Tipped Employees are engaged in a tipped occupation insofar as they customarily and regularly earn more than $30 per month in tips for the work they perform for Defendant.

22.     Defendant pays Plaintiffs and other Tipped Employees a wage below the $7.25 per hour minimum wage.

23.     Defendant purports to utilize a tip credit for each hour worked by Plaintiffs and other Tipped Employees to comply with the FLSA, KWHA, and IMWL's required minimum wage of $7.25 per hour. 29 U.S.C. §§ 203(m), 206; 29 C.F.R. § 531.51; Ky. Rev. Stat. Ann. § 337.275; Ind. Code § 22-2-2-4.

24.     Plaintiffs and other Tipped Employees performed work for Defendant which does not qualify as work that is part of their tipped occupation and does not directly support their tip-producing work. *See* 29 C.F.R. § 531.56(f)(5); 803 Ky. Admin. Regs. 1:080 § 3(7); Ind. Code § 22-2-2-4.

25.     Plaintiffs and other Tipped Employees performed work at an hourly rate at or above the $7.25 per hour minimum wage for work that is not part of their tipped occupation nor directly supporting their tip-producing work.

26.     At certain times throughout their employment with Defendant, Plaintiffs and other Tipped Employees were required to clock in at a rate less than the $7.25 per hour minimum wage to perform work that is not part of their tipped occupation.

27.     Defendant has a practice of adjusting or overriding Plaintiffs and other Tipped Employees' hourly wage rate to an amount less than the $7.25 per hour minimum wage for work that is not part of their tipped occupation nor directly supporting their tip-producing work after Plaintiffs and other Tipped Employees had clocked in at an hourly rate greater than or equal to the $7.25 per hour minimum wage. Those adjustments or overrides appear to occur at a location away from the restaurant where the tipped worker clocked in, or at the direction of a superior away from the restaurant where the tipped worker clocked in.

28.     Plaintiffs and other Tipped Employees performed work in the following non-tipped roles that was not part of their tipped occupation: trainer (training new servers), host, carry-out, cash-out, dishwasher, cook, kitchen prep (including, but not limited to, slicing tomatoes and fruit, slicing banana bread, making biscuits and gravy, making desserts, and making salads), janitor (including, but not limited to, cleaning bathrooms and sweeping), and various managerial duties.

29.     Plaintiffs and other Tipped Employees performed the following tasks which directly supported their tip-producing work in excess of 20% of the time for each shift: rolling silverware, refilling condiment containers, setting tables, bussing and cleaning tables, and cash-out.

30.     Defendant is able to make adjustments to employees' rate of pay off-site using its customizable point-of-sale system, Aloha POS ("Aloha POS").

31.     Before clocking in using the Aloha POS system, Plaintiffs and other Tipped Employees were required to acknowledge that "all non-tipped issues in the last 30 days have been resolved" even though there had been no such resolution. Exhibit A includes an image of the message Plaintiffs and other Tipped Employees were required to acknowledge before being permitted to clock in.

32.     Before clocking out using the Aloha POS system, Plaintiffs and other Tipped Employees were required to answer "No" to the following question: "Did you spend more than 20% of your server shift on non-tipped work?" Exhibit B includes an image of the message to which Plaintiffs and other Tipped Employees were required to agree before being permitted to clock out.

33.    If Plaintiffs and other Tipped Employees answered "Yes" to the question identified in Exhibit B, management authorization via a manager card swipe was required to clock out. Management discouraged Plaintiffs and other Tipped Employees from answering "Yes" and often instructed Plaintiffs and other Tipped Employees to change their answers to "No" in order to be allowed to clock out and receive their tips. Exhibit C includes an image of the manager authorization required if Plaintiffs and other Tipped Employees answered "Yes" to the question identified in Exhibit B.

34.    On or about April 25, 2022, Imad Mustafa, the Director of Operations of Bob Evans' Region 2, Area 6, questioned a current employee of Defendant's Hillview location in Louisville, Kentucky, about whether she or other Tipped Employees were contemplating filing this lawsuit.

35.    On or about April 26, 2022, Plaintiff Rodney Mitchell was questioned by Zach Reed, the acting General Manager of the Hillview location in Louisville, Kentucky, about whether he or other Tipped Employees were contemplating filing this lawsuit.

36.    On or about April 28, 2022, Plaintiff Rodney Mitchell was demoted from his role as a supervisor to a server, in retaliation for his intention to file this lawsuit.

37.    Defendant knew, or should have known, that its compensation practices for Plaintiffs and other Tipped Employees violates the FLSA, KWHA, and IMWL.

## COLLECTIVE ACTION ALLEGATIONS

38.    Plaintiffs' allegations in paragraphs 1-37 are incorporated by reference as if fully set forth herein.

39.    Plaintiffs assert their FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All employees of Bob Evans who worked in any store in Region 2 Area 6, after May 9, 2019, for whom Bob Evans paid a wage of less than $7.25 per hour, and who either (1) spent more than 20 percent of work time or more than 30 consecutive minutes performing non-tipped work that was directly supporting tipped work, or (2) who spent any time performing work that was not part of a tipped occupation, or both.

(The "Collective Class.")

40.     Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and the Collective Class, having worked pursuant to the common practices described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## CLASS ACTION ALLEGATIONS

41.     Plaintiffs' allegations in paragraphs 1-40 are incorporated by reference as if fully set forth herein.

42.     Plaintiffs bring this action on their own behalf, and pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All employees of Bob Evans who worked in any store in the Kentucky portion of Region 2 Area 6, after May 9, 2017, or in the Indiana portion of Region 2 Area 6, after May 9, 2019, to whom Bob Evans paid a wage of less than $7.25 per hour, and who either (1) spent more than 20 percent of work time or more than 30 consecutive minutes performing non-tipped work that was directly supporting tipped work, or (2) who spent any time performing work that was not part of a tipped occupation, or both.

(The "Rule 23 Class").

43.     Plaintiffs bring this action on their behalf and, pursuant to Fed. R. Civ. P. 23(c)(5), on behalf of the following two subclasses:

a.   All class members who worked in any Kentucky restaurant included in the class during the class period (the "Kentucky Subclass"); and

b.   All class members who worked in any Indiana restaurant included in the class during the class period (the "Indiana Subclass").

Individual class members may be members of one subclass or both subclasses.

44.    Plaintiffs are members of the Rule 23 Class they seek to represent. Plaintiff Rodney Mitchell is a member of the Kentucky Subclass. Plaintiff Rhonda Thomas is a member of the Indiana Subclass.

45.    Defendant has employed hundreds of individuals as Tipped Employees at its locations in Kentucky and Indiana. Thus, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

46.    Plaintiffs and members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2), due to Defendant's violations of the minimum wage requirements as defined by 29 U.S.C. § 206, Ky. Rev. Stat. Ann. § 337.275, and Ind. Code § 22-2-2-4. As a result, the Rule 23 Class shares factual and legal questions, including, but not limited to, (1) whether Defendant required Tipped Employees to perform work outside of their tipped occupation or not directly supporting their tip-producing work for an hourly rate less than the $7.25 per hour minimum wage, (2) whether Defendant retroactively changed the rate of pay for employees who believed they were earning an amount greater than $7.25 per hour and for work not eligible for a tip credit, and (3) the duration of time in which Defendant conducted this practice of paying Tipped Employees an amount less than the $7.25 per hour minimum wage for work performed outside of their tipped occupation and not directly supporting their tip-producing work.

47.    Plaintiffs' claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendant's violation of the minimum wage, and other requirements of the

KWHA and IMWL, is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendant's common practices, which Defendant applied generally to all of its Tipped Employees in its Kentucky and Indiana locations, including the Plaintiffs. Thus, in advancing their own claims, Plaintiffs will also be advancing the claims of the Rule 23 Class.

48.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiffs' interests are shared with the Rule 23 Class and Plaintiffs have no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiffs have retained competent counsel experienced in class action and other complex litigation, including the representation of classes of employees against their employers related to their employers' failure to pay them properly under the law.

49.    By failing to pay Tipped Employees all required minimum wages pursuant to its common pay practices, Defendant has created a scenario in which questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is the superior method of fairly and efficiently adjudicating this matter. Plaintiffs are entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

### FIRST CAUSE OF ACTION:
### VIOLATION OF MINIMUM WAGE REQUIREMENTS OF THE FLSA

50.    Plaintiffs' allegations in paragraphs 1-49 are incorporated by reference as if fully set forth herein.

51.    Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt in to this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

52.    Plaintiffs and the Collective Class are employees entitled to the FLSA's protections.

53.     Defendant is an employer covered by the FLSA.

54.     The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. 29 U.S.C. § 206(a).

55.     While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. 29 U.S.C. § 203(m), (t).

56.     Employers may not take a tip credit for work performed by a tipped employee that is not part of the employee's tipped occupation but directly supports tip-producing work if the tipped employee spends a substantial amount of time performing such work; that is, performing work which directly supports tip-producing work for more than 20 percent of the hours worked during any week worked or performing any directly supporting work for any continuous period of time exceeding 30 minutes. 29 C.F.R. § 531.56(f)(4).

57.     Employers may not take a tip credit for work performed by a tipped employee that is not part of the employee's tipped occupation and does not directly support tip-producing work. 29 C.F.R. § 531.56(f)(5).

58.     Employers may not take a tip credit for hours worked by an employee that does not qualify the employee as a tipped employee. 29 C.F.R. § 531.59(b).

59.     Employers are required to maintain and preserve, *inter alia*, payroll and other records reflecting tips received, hours worked each workday in any occupation in which the employee does not receive tips, and hours worked in each workday in any occupation in which the employee receives tips. 29 C.F.R. § 516.28(a).

60.     By unlawfully adjusting or overriding the rate of pay for work performed by Tipped Employees that is not part of their tipped occupation; not in direct support of tip-

producing work; or work that directly supports tip-producing work for a substantial amount of time, to an hourly rate less than the $7.25 per hour minimum wage after Plaintiffs and other Tipped Employees clocked in an hourly rate greater than or equal to the $7.25 per hour minimum wage, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

61.     As a result of the conduct described above, Defendant has violated the FLSA by failing to pay Plaintiffs and the members of the Collective Class for time worked at or above the $7.25 per hour minimum wage.

62.     Plaintiffs and members of the Collective Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

63.     Defendant's violations of the FLSA are willful and with reckless disregard of applicable FLSA provisions.

<u>**SECOND CAUSE OF ACTION:**</u>
<u>**VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA**</u>

64.     Plaintiffs' allegations in paragraphs 1-63 are incorporated by reference as if fully set forth herein.

65.     Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt in to this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

66.     Plaintiffs and the Collective Class are employees entitled to the FLSA's protections.

67.     Defendant is an employer covered by the FLSA.

68.     The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. 29 U.S.C. § 206(a).

69.     While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. 29 U.S.C. § 203(m), (t).

70.     Employers may not take a tip credit for work performed by a tipped employee that is not part of the employee's tipped occupation but directly supports tip-producing work if the tipped employee spends a substantial amount of time performing such work; that is, performing work which directly supports tip-producing work for more than 20 percent of the hours worked during any week worked or performing any directly supporting work for any continuous period of time exceeding 30 minutes. 29 C.F.R. § 531.56(f)(4).

71.     Employers may not take a tip credit for work performed by a tipped employee that is not part of the employee's tipped occupation and does not directly support tip-producing work. 29 C.F.R. § 531.56(f)(5).

72.     Employers may not take a tip credit for hours worked by an employee that does not qualify the employee as a tipped employee. 29 C.F.R. § 531.59(b).

73.     Employers are required to maintain and preserve, *inter alia*, payroll and other records reflecting tips received, hours worked each workday in any occupation in which the employee does not receive tips, and hours worked in each workday in any occupation in which the employee receives tips. 29 C.F.R. § 516.28(a).

74.     By compensating Plaintiffs and members of the Collective Class at a rate less than the $7.25 per hour minimum wage while requiring Plaintiffs and the members of the Collective Class to perform work that is not part of their tipped occupations or directly supporting their tip-producing work, or requiring Plaintiffs and members of the Collective Class to perform work which was directly supporting their tip-producing work for a substantial amount of time,

Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

75.     As a result of the conduct described above, Defendant has violated the FLSA by failing to pay Plaintiffs and the members of the Collective Class for time worked at or above the $7.25 per hour minimum wage.

76.     Plaintiffs and members of the Collective Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

77.     Defendant's violations of the FLSA are willful and with reckless disregard of applicable FLSA provisions.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE KWHA**

78.     Plaintiffs' allegations in paragraphs 1-77 are incorporated by reference as if fully set forth herein.

79.     Plaintiff Rodney Mitchell asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

80.     Plaintiff Rodney Mitchell and the Rule 23 Class are employees entitled to the KWHA's protections.

81.     Defendant is an employer covered by the KWHA.

82.     The KWHA entitles employees to a minimum wage of $7.25 per hour for every hour worked. Ky. Rev. Stat. Ann. § 337.275.

83.     While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. Ky. Rev. Stat. Ann. §§ 337.010(2)(d), 337.275(2); 803 Ky. Admin. Regs. 1:080 § 3.

84. The KWHA prohibits employers from taking the tip credit for hours worked by tipped employees in occupations in which the employees do not qualify as a tipped employee. Ky. Rev. Stat. Ann. § 337.275(b); 803 Ky. Admin. Regs. 1:080 § 3(1), (7).

85. Employers forfeit the tip credit by requiring tipped employees to perform work that does not qualify as part of their tipped occupation at an hourly rate less than the $7.25 per hour minimum wage.

86. By requiring Plaintiff Rodney Mitchell and members of the Rule 23 Class to perform work that is not part of their tipped occupation at an hourly rate less than the $7.25 per hour minimum wage, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff Rodney Mitchell and members of the Rule 23 Class.

87. Defendant has violated KWHA's minimum wage mandate by paying Plaintiff Rodney Mitchell and members of the Rule 23 Class less than the $7.25 per hour minimum wage for work that does not qualify as part of their tipped occupation.

88. Plaintiff Rodney Mitchell and members of the Rule 23 Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, including interest thereon, pursuant to Ky. Rev. Stat. Ann. § 337.385.

89. Defendant's violations of the KWHA are willful and with reckless disregard of applicable KWHA provisions.

**FOURTH CAUSE OF ACTION: FORCED LABOR BY FRAUD PURSUANT TO THE KWHA**

90. Plaintiffs' allegations in paragraphs 1-89 are incorporated by reference as if fully set forth herein.

91. Plaintiff Rodney Mitchell and members of the Rule 23 Class performed tasks as part of their employment for Defendant that were not part of their tipped occupations.

92.     Plaintiff Rodney Mitchell and members of the Rule 23 Class were entitled to a minimum wage of $7.25 per hour for work that was not part of their tipped occupations, pursuant to the KWHA. Ky. Rev. Stat. Ann. § 337.275.

93.     Plaintiff Rodney Mitchell and members of the Rule 23 Class, at certain relevant times throughout their employment at Defendant's restaurants, were instructed by Bob Evans to clock in as a host (which is not a tipped occupation) at a rate substantially greater than the $7.25 per hour minimum wage for their entire shift. The hourly rate for hosts varied by location and employee, but was typically between $9 and $13 per hour.

94.     After completing work while clocked in as a host at a rate substantially greater than the $7.25 per hour minimum wage, Defendant fraudulently, and with malice, intent, and knowledge, retroactively adjusted or overrode Plaintiffs' and Class Members' rate of pay to the hourly rate of a server at $2.13 per hour.

95.     By allowing or requiring employees to clock in as a host at a rate of pay substantially greater than $7.25 per hour, Defendant represented to Plaintiff Rodney Mitchell and members of the Rule 23 Class that they would be compensated for all work performed during that shift at a specified rate substantially greater than the $7.25 per hour minimum wage.

96.     Defendant made this representation to Plaintiff Rodney Mitchell and members of the Rule 23 Class with inducement that it would be acted upon; i.e., that Plaintiff Rodney Mitchell and members of the Rule 23 Class would perform employment duties for Defendant at a rate substantially greater than the $7.25 per hour minimum wage.

97.     Plaintiff Rodney Mitchell and members of the Rule 23 Class relied upon Defendant's representation by performing work with the belief they would be paid substantially greater than the $7.25 per hour minimum wage.

98.     By retroactively overriding Plaintiff Rodney Mitchell's and Class Members' rate of pay for all work performed during shifts where the employees clocked as in as a host at an hourly rate substantially greater than $7.25 per hour and reducing the rate of pay to $2.13 per hour, and/or retroactively by reducing the rate of pay to $2.13 per hour for work that was not part of their tipped occupation, Defendant knew, or should have known, that it made a false material representation to Plaintiff Rodney Mitchell and members of the Rule 23 Class that they would be compensated at a rate substantially greater than the $7.25 per hour minimum wage for work performed during that shift (the "fraudulent scheme").

99.     Defendant's fraudulent scheme was made with the intent to retain the wages owed to Plaintiff Rodney Mitchell and members of the Rule 23 Class instead of paying them the wages for work when they were clocked in as a host at a rate substantially greater than $7.25 per hour.

100.    As a result of Defendant's fraudulent scheme, Plaintiff Rodney Mitchell and members of the Rule 23 Class were paid $2.13 per hour for work performed when they clocked in as a host at a rate substantially greater than $7.25 per hour, to their damage.

101.    Defendant acted fraudulently and with malice, intent, and knowledge in retroactively reducing the rate of pay for Plaintiff and members of the Rule 23 Class to a rate of $2.13 per hour for all work performed, including work that was not part of their tipped occupation.

102.    Plaintiff Rodney Mitchell and members of the Rule 23 Class were required to acknowledge that "all non-tipped issues in the last 30 days have been resolved" before Defendant's timeclock system would permit the employees to clock in. Exh. A.

103.    Plaintiff Rodney Mitchell and members of the Rule 23 Class were required to answer "No" (or obtain management authorization—which was discouraged and refused by

management—to answer "Yes") to the following question before being permitted to clock out: "Did you spend more than 20% of your server shift on non-tipped work?" Exh. B.

104.    By fraudulently, retroactively adjusting the hourly rate of Plaintiff Rodney Mitchell and members of the Rule 23 Class for both tipped and non-tipped work to a rate of $2.13 per hour, Defendant subjected Plaintiff Rodney Mitchell and members of the Rule 23 Class to forced labor or services as defined by Ky. Rev. Stat. Ann. § 529.010. Ky. Rev. Stat. Ann. § 337.385(3).

105.    By repeatedly and fraudulently requiring members of the Rule 23 Class to clock in at a rate less than the $7.25 per hour minimum wage to perform non-tipped work, Defendant subjected Plaintiff Rodney Mitchell and members of the Rule 23 Class to forced labor or services as defined by Ky. Rev. Stat. Ann. § 529.010. Ky. Rev. Stat. Ann. § 337.385(3).

106.    By repeatedly and fraudulently requiring members of the Rule 23 Class to acknowledge that "all non-tipped issues" had been resolved before being permitted to clock in, Defendant subjected Plaintiff Rodney Mitchell and members of the Rule 23 Class to forced labor or services as defined by Ky. Rev. Stat. Ann. § 529.010. Ky. Rev. Stat. Ann. § 337.385(3).

107.    By repeatedly and fraudulently requiring members of the Rule 23 Class to answer "No" to the question asking whether they "spen[t] more than 20% of [their] server shift on non-tipped work," Defendant subjected Plaintiff Rodney Mitchell and members of the Rule 23 Class to forced labor or services as defined by Ky. Rev. Stat. Ann. § 529.010. Ky. Rev. Stat. Ann. § 337.385(3).

108.    "Forced labor or services," as defined by Ky. Rev. Stat. Ann. § 529.010(5), includes labor that is obtained by force, fraud, or coercion. Ky. Rev. Stat. Ann. § 529.010(5).

109.    As a result of Defendant's fraudulent practices described above, Plaintiff Rodney Mitchell and members of the Rule 23 Class are additionally entitled to punitive damages not less than three times the full amount of wages due, and for costs and reasonable attorneys' fees, including interest thereon, pursuant to Ky. Rev. Stat. Ann. § 337.385.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF THE MINIMUM WAGE REQUIREMENT OF THE IMWL**

110.    Plaintiffs' allegations in paragraphs 1-109 are incorporated by reference as if fully set forth herein.

111.    Plaintiff Rhonda Thomas asserts this claim on behalf of herself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

112.    Plaintiff Rhonda Thomas and the Rule 23 Class are employees entitled to the IMWL's protections.

113.    Defendant is an employer covered by the IMWL.

114.    The IMWL entitles employees to a minimum wage of $7.25 per hour for every hour worked. Ind. Code § 22-2-2-4.

115.    While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, employers must meet certain requirements in order to be eligible for tip credits as a compensation scheme. Ind. Code § 22-2-2-4(c), (d).

116.    The IMWL requires employers to pay tipped employees an amount equal to the cash wage paid the employee (not less than $2.13 per hour) and an additional amount on account of tips received by the employee, which amount is equal to the difference between the $7.25 per hour minimum wage and the rate of $2.13 per hour. Ind. Code § 22-2-2-4(d).

117. Plaintiff Rhonda Thomas and members of the Rule 23 Class were required to acknowledge that "all non-tipped issues in the last 30 days [had] been resolved" before Defendant's timeclock system would permit the employees to clock in. Exh. A.

118. Plaintiff Rhonda Thomas and members of the Rule 23 Class were required to answer "No" (or obtain management authorization—which was discouraged and refused by management—to answer "Yes") to the following question before being permitted to clock out: "Did you spend more than 20% of your server shift on non-tipped work?" Exh. B.

119. By requiring Plaintiff Rhonda Thomas and the Rule 23 Class to perform work that is not part of their tipped occupation at an hourly rate less than the $7.25 per hour minimum wage, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff Rhonda Thomas and the Rule 23 Class.

120. Defendant has violated IMWL's minimum wage mandate by paying Plaintiff Rhonda Thomas and the Rule 23 Class less than the $7.25 per hour minimum wage for work that does not qualify as part of their tipped occupation.

121. Plaintiff Rhonda Thomas and members of the Rule 23 Class are entitled to recover all unpaid minimum wages and an equal amount of liquidated damages, pursuant to Ind. Code § 22-2-2-4.

122. Defendant's violations of the IMWL are willful and with reckless disregard of applicable IMWL provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

1.      An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

2.      An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23;

3.      Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b);

4.      Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Rule 23 Class;

5.      A finding that Defendant has violated the FLSA, KWHA, and IMWL;

6.      A finding that Defendant's FLSA, KWHA, and IMWL violations are willful and not in good faith;

7.      A judgment against Defendant in favor of Plaintiffs and all similarly situated employees for compensation of all unpaid and underpaid wages that Defendant has failed or refused to pay in violation of the FLSA, KWHA, and IMWL;

8.      Pre-judgment interest;

9.      Post judgment interest;

10.     Liquidated damages to the fullest extent permitted by the FLSA, KWHA, and IMWL;

11.     Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted by the FLSA, pursuant to 29 U.S.C. § 216(b); KWHA, pursuant to Ky. Rev. Stat. Ann. § 337.385; IMWL, pursuant to Ind. Code § 22-2-2-9; the Federal Rules of Civil Procedure; and all other applicable law;

12.     Punitive damages of not less than three times the full amount of wages due, pursuant to Ky. Rev. Stat. Ann. § 337.385(3) and all other applicable law; and

13.     Such other and further relief as this Court deems just and proper in equity and under the law.

## JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS
OPT-IN PLAINTIFFS, AND PURPORTED
CLASS

BY: _/s/ Robert E. DeRose_
ROBERT E. DEROSE (OH Bar No. 0055214)
Barkan Meizlish DeRose Cox LLP
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Telephone: (614) 221-4221
Email: bderose@barkanmeizlish.com

JEROME P. PRATHER*
J. CONNER NICELEY*
Garmer & Prather, PLLC
141 North Broadway
Lexington, Kentucky 40507
Telephone:   (859) 254-9352
Facsimile:    (859) 233-9769
Email: jprather@garmerprather.com
Email: cniceley@garmerprather.com

ANDREW CLARKE WEEKS*
Lawrence & Lawrence, PLLC
440 South Seventh Street, Suite 200
Louisville, Kentucky 40203
Phone: (502) 589-5855
Facsimile: (502) 589-9472
Email: acweeks@reallawky.com

D. TODD VARELLAS*
JAMES J. VARELLAS III*
Varellas & Varellas
249 West Short Street, Suite 201
Lexington, Kentucky 40507
Telephone: (859) 252-4473
Facsimile: (859) 252-4476

Email: tvarellas@varellaslaw.com
Email: jayvarellas@varellaslaw.com

* pending admission *pro hac vice*