UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rodney Mitchell, *et al.*,

    Plaintiffs,

v.

Bob Evans Restaurants, LLC,

    Defendant.

Case No. 2:22-cv-2123

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Bob Evans Restaurants, LLC ("Defendant") moves to stay this case until a similar case, *Williams et al v. Bob Evans Restaurants LLC, et al*, Case No. 2:18-cv-1353 ("*Williams*"), currently pending in the Western District of Pennsylvania, is resolved. Rodney Mitchell and Rhonda Thomas ("Plaintiffs") oppose a stay and move for leave to file a sur-reply. ECF Nos. 29 & 33. For the following reasons, Defendant's motion, ECF No. 23, is **GRANTED**. Because the Court relies on several facts in Plaintiffs' sur-reply in this Opinion, Plaintiffs' motion, ECF No. 33, is **GRANTED**.

I.     FACTS

### A. *Mitchell*

This litigation ("*Mitchell*") arises out of allegations that Defendant failed to properly compensate its tipped employees. *See generally* Second Am. Compl., ECF No. 32. Plaintiffs, and those they seek to represent as a collective, are

current and former tipped employees at various Bob Evans restaurants in Kentucky, Indiana, and Tennessee (Defendant refers to this geographic area as "Region 2, Area 6"). Second Am. Compl. ¶¶ 2, 4, ECF No. 32. Plaintiffs allege that Defendant failed to pay them the required minimum hourly wage under the tip credit provisions of the Fair Labor Standards Act ("FLSA"), the Kentucky Wages and Hours Act, and the Indiana Wage Payment Statute. *Id.* ¶ 1. Plaintiffs also bring state-law claims for breach of contract, conversion, and unjust enrichment. *See generally* Second Am. Compl., ECF No. 32.

At issue in this case are three types of work duties that Plaintiffs and other tipped employees at Bob Evans were allegedly required to perform. First, Plaintiffs were required to perform work that directly produced tips, such as serving food and taking orders ("tip-producing work"). Second, Plaintiffs were required to perform work that supported the tip-producing work but did not itself directly produce tips, such as bussing tables and re-stocking ice bins ("tip-supporting work"). Third, Plaintiffs were required to perform work that was not tip-producing work or tip-supporting work, such as washing dishes and training new employees ("non-tip work").

Plaintiffs allege that Defendant: (1) required tipped employees to perform tip-supporting work for more time than is permitted by the "80/20 rule"[1]; (2)

---

[1] The "80/20 rule" is short-hand for the Department of Labor's regulation regarding when an employer may pay its tipped employees the tip-credit rate when the tipped employee performs work that is not tip-producing work. 29 C.F.R. § 10.28. The regulation provides that an employer may pay its tipped employee the tip-credit rate if the

required tipped employees to perform non-tip work; and (3) retroactively changed tipped employees' hourly rate of pay. *Id.* ¶¶ 23–27. Under the FLSA, Plaintiffs argue, Defendant should have paid them the federal minimum wage for all hours spent on (1) or (2). Instead, Defendant allegedly paid Plaintiffs only the lower wage rate that employers are permitted to pay tipped employees (the "tip credit rate") for hours spent on (1) and (2).

Plaintiffs wish to certify a collective consisting of all employees in Region 2, Area 6 employed after May 9, 2019, who Defendant paid less than $7.25 per hour and who either spent more than 20% or 30 consecutive minutes of work time on tip-supporting work, or who spent any time performing non-tip work. *Id.* ¶ 39.

### B. *Williams*

A separate group of Defendant's current and past tipped employees also sued Defendant in the United States District Court for the Western District of Pennsylvania in 2018. *See* Docket, *Williams et al v. Bob Evans Restaurants LLC, et al*, Case No. 2:18-cv-1353 ("*Williams*"). *Williams* is also brought as a collective action case. The plaintiffs in *Williams* also allege that Defendant violated the FLSA and other state laws by paying them less than the required minimum hourly wage under the FLSA, in the same manners as (1) and (2)

---

employee performs tip-producing work for at least 80% of that employee's workweek. 29 C.F.R. § 10.28 (b)(3)(iv). Conversely, if the employee spends more than 20% of their workweek on tip-supporting work, the employer may not pay the tipped employee the tip-credit rate for any time exceeding 20% of that employee's workweek. *Id.*

addressed above. *Williams* Second Am. Consol. Master Compl. ¶ 2, ECF No. 23-1. The plaintiffs in *Williams* do not, however, allege that Defendant had a practice of retroactively changing tipped employees' hourly rate of pay.

On April 14, 2022, the *Williams* court conditionally certified a collective consisting of "all tipped server employees who worked for Defendant" for the purposes of those plaintiffs' FLSA claims. *See* Docket, *Williams*, Document 192. The *Williams* plaintiffs then sent an opt-in notice to every individual who fell within that definition and who was employed by Defendant between October 1, 2016, and April 24, 2019. *See id.*, Document 193. The opt-in period in *Williams* closed in September 2022. *Id.*

## II. STANDARD OF REVIEW

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). The rule provides that when actions involving similar parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment and the latter-filed suit should be stayed, dismissed, or transferred. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (internal quotations omitted).

In deciding whether the first-to-file rule applies, a court should look to three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Baatz v. Columbia Gas*

*Transmission*, 814 F.3d 785, 789 (6th Cir. 2016) (citation omitted). "The parties and issues need not be identical but may be substantially similar." *AK Steel Corp. v. Jermax, Inc.*, No. 1:09-cv-620, 2010 WL 11538475, at *2 (S.D. Ohio May 17, 2010). "If these three factors support application of the rule, the court must also determine whether any equitable considerations, such as evidence of inequitable conduct, bad faith, anticipatory suits, or forum shopping, merit not applying the first-to-file rule in a particular case." *Baatz*, 814 F.3d at 789 (internal quotation marks and citation omitted).

However, "[t]he first-to-file rule should not be applied too rigidly or mechanically." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005). "Indeed, whether to apply the rule is discretionary." *Id.* at 688–89 (citing *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)).

### III. ANALYSIS

#### A. Preliminary Issue

While the Court was considering Defendant's motion to stay, the Court ordered each party to brief whether transfer of this case to the Western District of Pennsylvania was appropriate. ECF No. 45. Both parties oppose transfer. ECF Nos. 47 & 48. In consideration of the parties' positions, the Court will not transfer this case and, thus, considers Defendant's motion to stay.

### B. Motion to Stay

#### 1. Chronology of Events

The first factor the Court must consider in determining whether the first-to-file rule applies is the chronology of events. This factor considers which case was filed first. "[F]or the purposes of the first-to-file chronology, the date that an original complaint is filed controls." *Zimmer Enters., Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 988 n.3 (S.D. Ohio 2007).

The *Williams* action was filed on October 10, 2018, while *Mitchell* was filed on May 9, 2022. *Compare* Williams Compl., ECF No. 1 *with* Mitchell Compl., ECF No. 1. The *Williams* case is plainly the first-filed case. Thus, the first factor weighs in favor of applying the first-to-file rule and staying *Mitchell*.

#### 2. Similarity of the Parties

To show similarity of the parties involved, the parties must "substantially overlap, even if they are not perfectly identical." *Baatz*, 814 F.3d at 790; *Honaker v. Wright Bros. Pizza, Inc.*, No. 2:18-CV-1528, 2019 WL 4316797, at *3 (S.D. Ohio Sept. 11, 2019) (internal quotation marks and citation omitted). Typically, in a class or collective action, courts look to whether there is substantial overlap in the putative class members. *See Baatz*, 814 F.3d at 790; *Watson v. Jimmy John's, LLC*, No. 2:15-CV-768, 2015 WL 4132553, at *3 (S.D. Ohio July 8, 2015).

Here, Bob Evans is the only defendant in both *Mitchell* and *Williams*. Therefore, the defendant party in each case is identical.

Next, the Court considers the plaintiff party. The *Williams* Court conditionally certified a collective defined as: "all current and former tipped employees who have worked for Defendants in the United States within the statutory period covered by this Complaint and elect to opt-in to this action[.]" Mot. 7, ECF No. 23. However, the parties in *Williams* sent notice only to employees who worked as a server at any Bob Evans restaurant at any point between October 1, 2016, and April 24, 2019. *See* Op. and Order 1, Document 194, *Williams*. In *Mitchell*, Plaintiffs wish to certify a collective defined as "all employees of Bob Evans who worked in any store in Region 2 Area 6 after May 9, 2019, for whom Bob Evans paid a wage of less than [the federally required minimum wage under the 80/20 rule] or any other tipped employee . . . whose hourly wage rate for any shift was reduced from the hourly wage represented at the time the employee clocked in for a shift." Resp. 7, ECF No. 23.

Although they are not identical, there is clearly overlap in these collective definitions. The overlap is illustrated by two important facts. First, Plaintiffs acknowledge in their supplemental memorandum that, as of August 16, 2022, over 70% of current opt-in plaintiffs in *Mitchell* had received notice in *Williams*. Supp. Mem. 2, ECF No. 33-2. Second, Defendant declared that, as of August 26, 2022, at least three individuals opted into both *Williams* and *Mitchell*, and at least twenty-six individuals who meet the collective definition in *Mitchell* have already opted-into *Williams*. Ramamurthy Decl. ¶¶ 5–6, ECF No. 39-1. This situation exemplifies precisely the sort of confusion the first-to-file rule is meant to

avoid. *See Mitchell v. Wells Fargo Bank, N.A.*, No. 2:20-cv-2444-TLP-atc, 2020 WL 7480806, at *4 (W.D. Tenn. Dec. 18, 2020); *Fuller*, 370 F. Supp. 2d at 690 ("[I]f both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts. That such a confusing result could occur evidences that the collective classes are substantially similar.").

Finally, although the opt-in period in *Williams* closed several months ago, that does not change the Court's analysis. Even with a defined collective in *Williams*, there is still substantial overlap in the members or potential members. Accordingly, this factor weighs in favor of applying the first-to-file rule.

### 3. Similarity of the Issues or Claims at Stake

As with the similarity of the parties, the similarity of the issues or claims at stake must "substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791 (citing *Save Power Ltd v. Syntek Finance Corp.*, 121 F.3d 947, 950–51 (6th Cir. 1997)). "The issues need not be identical, but they must be materially on all fours and have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Baatz*, 814 F.3d at 791 (internal quotation marks and citation omitted).

The legal claims and issues in *Mitchell* and *Williams* are clearly similar and substantially overlap. At bottom, the plaintiffs in both cases assert that Defendant violated the FLSA by failing to pay its tipped employees the required minimum hourly wage. Plaintiffs here assert two theories as to how Defendant allegedly violated the FLSA: (1) by violating the 80/20 rule; (2) by requiring tipped

employees to perform non-tip work at the tip credit rate; and (3) by retroactively changing tipped employees' hourly rate of pay. The *Williams* plaintiffs assert only the first theory. Resp. 3, ECF No. 29.

Because the first and second theories are identical in both cases, there is substantial similarity of the issues in both cases. The fact that there is an additional theory in *Mitchell* does not preclude a finding of substantial similarity because "the core claim is the same," namely that Defendant failed to properly pay its tipped employees under the FLSA. *See Watson*, 2015 WL 4132553, at *4. Furthermore, resolving Defendant's alleged violations of the 80/20 rule in *Williams* could leave little or nothing to be determined as to the *Mitchell* claims based on the 80/20 rule and non-tip work. Therefore, the issues and claims in *Williams* and *Mitchell* substantially overlap, and this factor favors applying the first-to-file rule. *See Fuller*, 370 F. Supp. 2d at 690 (finding that, despite the plaintiff asserting an additional theory of FLSA violations in one case, the issues and claims between two competing FLSA collectives substantially overlapped).

Plaintiffs' arguments that this factor weighs against a stay are unpersuasive. First, Plaintiffs argue that the issues and claims in this case are substantially different because Plaintiffs also bring claims under Kentucky, Indiana, and Tennessee state laws. Different courts having differing views as to whether there is a substantial overlap between issues when each action asserts separate state law claims. *See Hubbard v. Papa John's Int'l*, Case No. 5:19-CV-22-TBR, 2019 WL 6119242, at *4 (W.D. Ky. Nov. 18, 2019) (collecting cases).

However, the Court agrees with the *Hubbard* Court that the addition of state law claims does not defeat a finding that the issues and claims substantially overlap. As in *Hubbard*, the claims here are based on the same allegations, namely that Defendant failed to properly pay its tipped employees. Therefore, the additional state law claims are insufficient to defeat a finding of substantial similarity.

In addition, Plaintiffs' argument that this case also seeks punitive damages, whereas *Williams* does not, is unpersuasive. Punitive damages are a remedy, not a claim. *Am. Gen. Life Ins. v. Estate of Jude*, 825 F. App'x 261, 267 ("[A] claim for punitive damages is not a separate cause of action—punitive damages is a remedy for another cause of action."). Therefore, punitive damages are irrelevant in considering this factor.

## IV. CONCLUSION

No equitable considerations counsel against applying the first-to-file rule here. Accordingly, Defendant's motion to stay is **GRANTED**. The Clerk shall **STAY** this case. The parties are **ORDERED** to file joint status reports every 120 days outlining the progress of *Williams*. The Court will re-activate Defendant's motion to dismiss as a pending motion after the stay on this case is lifted.

The Clerk shall terminate ECF Nos. 23, 24, and 33.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**